UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMONE M. DICKSON,

                        Plaintiff,

            -against-                                          22-CV-2239 (LTS)

ALBANY FAMILY COURT; BRITTANY                                  TRANSFER ORDER
BISNOTT; BOB MEYERS; ALHAGIE B.
SECKA,

                        Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who resides in Albany, New York, brings this action *pro se*. She alleges, among

other things, that magistrate judges in the Albany Family Court violated her rights. Plaintiff

brings this suit against the Albany Family Court, two magistrate judges of that court, and an

individual who is described only as a FedEx employee. For the following reasons, the Court

transfers this action to the United States District Court for the Northern District of New York.

### DISCUSSION

        Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, 28

U.S.C. § 1391(c)(1), and an "entity with the capacity to sue and be sued" resides in any judicial

district where it is subject to personal jurisdiction with respect to the civil action in question, 28

U.S.C. § 1391(c)(2).

Plaintiff alleges that her claims arose in the Albany Family Court, in Albany County, New York. Albany County is located in the Northern District of New York. *See* 28 U.S.C. § 112(a). Venue for Plaintiff's claims is therefore proper under section 1391(b)(2) in the Northern District of New York, where all of her claims arose.

The Albany Family Court is part of the New York State Unified Court System, and Plaintiff's claims are therefore brought against the State of New York. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[W]e hold that the New York State Unified Court System is unquestionably an 'arm of the State'"); N.Y. Const. Art. VI, § 1(a) ("There shall be a unified court system for the state."). The Court therefore assumes that this defendant is subject to personal jurisdiction in this district. Plaintiff lists addresses for the magistrate judges in Albany, New York, and for the FedEx employee in "New York" (ECF 2 at 4), and it therefore appears that all defendants reside in the State of New York. Venue therefore may also be proper in this district under section 1391(b)(1), because all defendants reside in New York and one defendant resides in this district.

Even if venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are

2

appropriately before them. The power of district courts to transfer cases under Section 1404(a)

*sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No.

03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

*Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C.

§ 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See*

*Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under section 1404(a), transfer appears to be appropriate in this case. All of the

underlying events occurred in Albany, New York, where Plaintiff resides. Because Plaintiff does

not reside in this district and all of the events giving rise to her claims took place outside this

district, Plaintiff's choice of this forum is entitled to less deference. Based on the totality of the

circumstances, the Court concludes that it is in the interest of justice to transfer this action to the

United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

3

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons will not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 25, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge